ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, June 24, 2011 1:11:03 PM
CASE NUMBER: 2011 CV 04561 Docket ID: 16243184
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO



EXHIBIT A

# IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **JESSE KERSEY** | * | CASE NO. 2011 CV 04561 |
| 531 St. Paul Ave. | | |
| Dayton, Ohio 45410 | * | Judge Dennis J. Langer |
| and | * | |
| **PAMELA FORD,** individually | * | |
| and as mother and natural guardian | | |
| of Jesse Kersey | * | |
| 531 St. Paul Avenue | | |
| Dayton, Ohio 45410 | * | |
| Plaintiffs, | * | |
| vs. | * | |
| **CITY OF DAYTON, OHIO** | * | **COMPLAINT FOR FALSE** |
| 101 W. Third St. | | **IMPRISONMENT, FALSE ARREST** |
| Dayton, Ohio 45402 | * | **MALICIOUS PROSECUTION,** |
| | | **ASSAULT, BATTERY, EXCESSIVE** |
| and | * | **USE OF FORCE, INTENTIONAL** |
| | | **INFLICTION OF EMOTIONAL** |
| **OFFICER WILLIE HOOPER** | * | **DISTRESS, NEGLIGENT INFLICTION** |
| In his individual and official capacity | | **OF EMOTIONAL DISTRESS, GROSS** |
| c/o Dayton Police Department | * | **NEGLIGENCE AND RECKLESS** |
| 335 W. Third Street | | **ACTIONS, CIVIL CONSPIRACY, AND** |
| Dayton, Ohio 45402 | * | **LOSS OF CONSORTIUM** |
| and | * | (With Jury Demand Endorsed Hereon) |
| **OFFICER JOHN HOWARD** | * | |
| In his individual and official capacity | | |
| c/o Dayton Police Department | * | |
| 335 W. Third St. | | |
| Dayton, Ohio 45402 | * | |

1

and

                                                                                 *

**OFFICER JOHN DOE**
In his individual and official capacity    *
c/o Dayton Police Department
335 W. Third St.                                                   *
Dayton, Ohio 45402
                                                                                *

        Defendants.

---

Now come Plaintiffs, Pamela Ford, individually and as the mother and natural guardian of Jesse Kersey ("Ford"), and Jesse Kersey ("Jesse"), (collectively "Plaintiffs"), by and through counsel, and for their Complaint against Defendants, City of Dayton, Ohio ("City of Dayton"), Officer Willie Hooper ("Hooper"), Officer John Howard ("Howard"), and Officers John Doe, state and aver as follows:

## FACTS

1. At all times relevant herein, Jesse, a mentally challenged/handicapped teenager, was and is a resident of Montgomery County, Ohio and was a minor child.

2. At all times relevant herein, Ford was and is the biological mother and natural guardian of Jesse and was and is a resident of Montgomery County, Ohio.

3. At all times relevant herein, the individually named Defendants Hooper and Howard were acting in an official capacity as police officers employed by the City of Dayton in the Dayton Police Department. As such, the individual Defendants Hooper and Howard were duly appointed agents authorized to enforce the laws of the City of Dayton and they were acting under the color of state law at all times relevant to this action.

4. At all relevant times described herein, City of Dayton is a municipal corporation duly incorporated under the laws of the State of Ohio, and is responsible for the regulation,

2

policies, customs, and practices of the Dayton Police Department, as well as supervising, controlling, and disciplining police officers located within Dayton, Ohio.

5. Prior to the incident described below, Defendant Hooper knew Jesse and was aware that Jesse was mentally challenged/handicapped and a minor child.

6. On or about June 25, 2010, Defendant Hooper encountered Jesse while he was on duty and acting within his role as an officer of the Dayton Police Department.

7. The above encounter began at the corner of Andrew Street and St. Paul Avenue, in the City of Dayton, Montgomery County, Ohio, where Jesse was riding his bicycle near his residence.

8. Defendant Hooper approached Jesse and Jesse attempted to communicate with Defendant Hooper, however, Defendant Hooper apparently mistook Jesse's speech impediment for disrespect.

9. Defendant Hooper began yelling at Jesse and after Jesse attempted to communicate with him, Jesse, being a minor and mentally challenged/handicapped, turned and rode his bicycle back to his home in an attempt to ask his mother, Ford, to help him communicate with Defendant Hooper.

10. A neighbor attempted to communicate with Officer Hooper about Jesse's disabilities and was told to go back into his home, or he would be arrested.

11. Jesse approached his front door, in an effort to retrieve Ford for assistance, and Defendant Hooper proceeded to chase him.

12. Defendant Howard, while he was on duty and acting within his role as an officer of the Dayton Police Department, showed up at Ford's house at Defendant Hooper's request.

13. Once Ford opened the front door, Defendant Hooper and Defendant Howard fired their Tasers striking Jesse in the back with both probes.

14. Once inside the house, Defendant Hooper and Defendant Howard began to struggle with Jesse, who was standing against the back door with his hands up in front of his face, saying "please quit, please quit."

15. On numerous occasions, Ford, and a family friend, Christopher Peyton, informed Officer Hooper that Jesse was mentally challenged/handicapped, and that Jesse did not understand what was happening.

16. Defendant Hooper and Defendant Howard continued to struggle with Jesse.

17. Officer Howard utilized his Cap-Stun pepper spray and sprayed Jesse.

18. Officer Howard struck Jesse with a closed fist in the upper chest area.

19. Officer Howard utilized his ASP and repeatedly struck Jesse in the upper side of his left thigh.

20. Back-up units were requested to Jesse's house wherein upward of 20 police officers from different jurisdictions were present.

21. At no point, even after being advised of Jesse's mental challenge/handicap by Jesse's family and numerous bystanders, did Defendant Hooper, Defendant Howard, or any other police officer present, attempt to communicate with Jesse or explain in terms he could understand as to why Jesse was being chased.

22. Jesse was handcuffed and hog tied before being placed into the back of a police cruiser.

23. Jesse was charged with Assault on a Peace Officer, Resisting Arrest, and Obstructing Official Business.

4

24. Jesse was declared incompetent by the Montgomery County Juvenile Court and the charges against Jesse were dismissed.

25. Jesse has suffered severe mental and physical bodily distress due to the actions of Defendants Hooper and Howard, and was forced to seek medical and psychological treatment for his injuries.

### FIRST CAUSE OF ACTION
(False Imprisonment)

26. Plaintiffs incorporate the averments contained in paragraphs 1 through 25 as if fully rewritten herein.

27. In restraining Jesse and in firing his Taser into Jesse, Defendant Hooper and Defendant Howard acted knowingly, wrongfully, unlawfully and maliciously.

28. Defendant Hooper and Defendant Howard's actions constituted a false imprisonment of Jesse.

29. As a direct and proximate result of the false imprisonment of Jesse by Defendants, Jesse has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

### SECOND CAUSE OF ACTION
(False Arrest)

30. Plaintiffs incorporate the averments contained in paragraphs 1 through 29 as if fully rewritten herein.

31. In charging Jesse with assault on a peace officer, resisting arrest, and obstructing official business, as well as causing the arrest of Jesse, Defendant Hooper and Defendant Howard acted knowingly, wrongfully, unlawfully and maliciously and the aforesaid actions constituted a false arrest of Jesse and an arrest without probable cause.

32. As a direct and proximate result of the false arrest of Jesse by Defendants, Jesse has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

### THIRD CAUSE OF ACTION
(Malicious Prosecution)

33. Plaintiffs incorporate the averments contained in paragraphs 1 through 32 as if fully rewritten herein.

34. Defendant Hooper and Defendant Howard maliciously and without probable cause, charged Jesse with having committed assault on a peace officer, resisting arrest, and obstructing official business, and knowingly persisted in their wrongful effort to have Jesse convicted for crimes he did not, and was not capable of committing.

35. As a direct and proximate result of the malicious prosecution of Jesse by Defendants, Jesse has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

### FOURTH CAUSE OF ACTION
(Assault)

36. Plaintiffs incorporate the averments contained in paragraphs 1 through 35 as if fully rewritten hereunder.

37. Defendants conduct constitutes assault under Ohio Law.

38. As a direct and proximate result of the assault of Jesse by Defendants, Jesse has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

## FIFTH CAUSE OF ACTION
### (Battery)

39. Plaintiffs incorporate the averments contained in paragraphs 1 through 38 as if fully rewritten hereunder.

40. Defendants conduct constitutes battery under Ohio Law.

41. As a direct and proximate result of the battery of Jesse by Defendants, Jesse has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

## SIXTH CAUSE OF ACTION
### (Excessive Use of Force)

42. Plaintiffs incorporate the averments contained in paragraphs 1 through 41 as if fully rewritten hereunder.

43. Defendants conduct constitutes excessive force in violation of Jesse's rights under the Constitution of the State of Ohio and the United States Constitution.

44. The use of said excessive and illegal force by the Defendants named herein, acting by and on behalf of the City of Dayton and the Dayton Police Department, constituted a violation of Jesse's rights to equal protection of the laws and/or due process of the laws provided by the Fourteenth Amendment of the United States Constitution and also constitutes a violation of Jesse's rights under Ohio law and the Ohio Constitution.

45. As a direct and proximate result of the excessive use of force by Defendants, Jesse has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

46. Plaintiffs incorporate the averments contained in paragraphs 1 through 45 as if fully rewritten herein.

47. Defendants intentionally inflicted severe emotional distress on Jesse in violation of Ohio Law.

48. Defendants intentionally inflicted severe emotional distress on Ford in violation of Ohio Law.

49. As a direct and proximate result of the intentional infliction of emotional distress by Defendants, Jesse and Ford have suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

## EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

50. Plaintiffs incorporate the averments contained in paragraphs 1 through 49 as if fully rewritten herein.

51. Defendants negligently inflicted severe emotional distress on Jesse in violation of Ohio Law.

52. Defendants negligently inflicted severe emotional distress on Ford in violation of Ohio Law.

53. As a direct and proximate result of the negligent infliction of emotional distress by Defendants, Jesse and Ford have suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

8

## NINTH CAUSE OF ACTION
### (Gross Negligence and Reckless Actions)

54. Plaintiffs incorporate the averments contained in paragraphs 1 through 53 as if fully rewritten herein.

55. Defendants were grossly negligent and reckless in their actions as aforesaid.

56. As a direct and proximate result of the grossly negligent and reckless actions by the Defendants, Jesse has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

## TENTH CAUSE OF ACTION
### (Civil Conspiracy)

57. Plaintiffs incorporate the averments contained in paragraphs 1 through 56 as if fully rewritten herein.

58. Jesse was initially charged with assault on a peace officer, resisting arrest, and obstructing official business.

59. After being declared incompetent by the Montgomery County Juvenile Court, the charges against Jesse were dismissed.

60. Jesse states that in order to cover up the Defendants unjustified use of their taser, pepper spray, and ASP, all Defendants conspired to charge Jesse with assault on a peace officer, resisting arrest, and obstructing official business.

61. Defendants unjustified and objectively unreasonable use of their taser, pepper spray, and ASP, was a direct and proximate cause of Jesse's pain, suffering, and mental anguish.

62. Said acts by the Defendants violated Jesse's rights to be free from summary punishment and deprivation of his life and liberty without due process of law under the Fourth Amendment to the United States Constitution, to be free from an objectively

9

unreasonable seizure and objectively unreasonable use of force under the Fourth Amendment to the Constitution of the United States.

63. As a direct and proximate result of the civil conspiracy by Defendants, Jesse has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

### ELEVENTH CAUSE OF ACTION
(Loss of Consortium)

64. Plaintiffs incorporate the averments contained in paragraphs 1 through 63 as if fully rewritten herein.

65. As a direct and proximate result of the negligence of Defendants, Ford has been denied the society, companionship, comfort, love, and consortium of her son.

66. As a direct and proximate result of the Defendants negligence, Ford has suffered harm in an amount yet to be determined however anticipated to be not less than Twenty-Five Thousand Dollars ($25,000.00).

**WHEREFORE**, Plaintiffs claim judgment against the Defendants and each of them, jointly and severally, as follows:

A. On the First Cause of Action, judgment against Defendants for false imprisonment in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

B. On the Second Cause of Action, judgment against Defendants for false arrest in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

C. On the Third Cause of Action, judgment against Defendants for malicious prosecution in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

D. On the Fourth Cause of Action, judgment against Defendants for assault in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

E. On the Fifth Cause of Action, judgment against Defendants for battery in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

F. On the Sixth Cause of Action, judgment against Defendants for the excessive use of force in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

G. On the Seventh Cause of Action, judgment against Defendants for the intentional infliction of emotional distress in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

H. On the Eighth Cause of Action, judgment against Defendants for the negligent infliction of emotional distress in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

I. On the Ninth Cause of Action, judgment against Defendants for their gross negligence and reckless actions in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

J. On the Tenth Cause of Action, judgment against Defendants for civil conspiracy in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

K. On the Eleventh Cause of Action, judgment against Defendants for loss of consortium in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

L. Attorney Fees;

M. Costs of this action; and

N. Such other and further relief as Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

/s/ Richard A. Boucher, Esq.
Richard A. Boucher, Esq. (#0033614)
Julia C. Kolber, Esq. (#0078855)
Lauren E. Grant, Esq. (#0087315)
Attorneys for Plaintiffs
BOUCHER & BOUCHER CO., L.P.A.
12 W. Monument Ave., Suite 200
Dayton, Ohio 45402-1202
(937) 223-0122 - Office
(937) 223-0120 – Facsimile
richard@boucherandboucher.com

## JURY DEMAND

Now come Plaintiffs, by and through counsel, and hereby demand a trial by jury as to all issues herein.

/s/ Richard A. Boucher, Esq.
Richard A. Boucher, Esq. (#0033614)
Julia C. Kolber, Esq. (#0078855)
Lauren E. Grant, Esq. (#0087315)
Attorneys for Plaintiffs